IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01482-BNB

DAVID J. HOVER,

    Plaintiff,

v.

JOHN HICKENLOOPER,
ROGER WERHOLZ,
JAMES FALK,
L. WRIGHT, in his personal and professional capacity,
T. SCHREINER (sp.?), in his personal and professional capacity,
T. WERTH, in his personal and professional capacity,
B. PIEL (sp.?), in his personal and professional capacity,
J. ANDERSON, in her personal and professional capacity, and
MULLEN, in his personal and professional capacity,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, David J. Hover, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Hover initiated the instant action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. On June 27, 2013, in response to an order of June 13, 2013 (ECF No. 5), he filed *pro se* an amended § 1983 Prisoner Complaint (ECF No. 6). Mr. Hover asks for money damages and declaratory and injunctive relief.

    Mr. Hover has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Mr. Hover is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Hover's amended Prisoner Complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed as legally frivolous pursuant to § 1915(e)(2)(B).

Mr. Hover asserts five claims. In claim one, he contends he was subjected to an unlawful search and seizure on April 14, 2013, when Defendants L. Wright, T. Schreiner, and Mullen removed hygiene and medical supplies, medications, and other personal property from the cell he shared with a co-inmate.

To the extent Mr. Hover is suing Messrs. Wright, Schreiner, and Mullins under the Fourteenth Amendment for confiscating his property, the claim lacks merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). However, "the United States Supreme Court has held that neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ." *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

Further, a prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy. *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982). Mr. Hover apparently contends he has not exhausted the grievance procedure because it is not "efficacious." ECF No. 6 at 13. This allegation, by itself, does not mean that the grievance procedure is not an adequate remedy. In any event, the Court notes Mr. Hover also has an adequate remedy available to him in state court under state law. *See, e.g., Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court.").

In addition, prisoners are not protected under the Fourth Amendment from unreasonable searches of their prison cells or from the wrongful seizure of property contained in their cells because "the Fourth Amendment does not establish a right to privacy in prisoners' cells." *Rodriguez-Rodriguez v. United States*, 4 F. App'x 637, 739 (10th Cir. 2001) (citing *Hayes v. Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995); *Hudson v. Palmer*, 458 U.S. 517, 522-30 (1984)).  Therefore, claim one is without merit, and will be dismissed as legally frivolous.

Mr. Hover's second claim is really a compilation of three subclaims of cruel and unusual punishment under the Eighth Amendment.  He contends the DOC pharmacy is depriving him of his anti-inflammatory, anti-diarrheal, and hemorrhoidal medications and suppositories, most of which are over-the-counter drugs (subclaim one).  He complains the DOC has transferred him between cells, pods, cell houses, and facilities, often for as little as thirty-five minutes, causing him to suffer from "Relocation Trauma" (subclaim two).  ECF No. 6 at 7.  As his third subclaim, he complains Defendant, T. Werth, hustled him out of the chow hall without allowing him to complete a meal because he sat in a wrong seat.  Mr. Hover fails to make any factual allegations demonstrating Defendant B. Piel's personal participation in the alleged constitutional violation, referring instead to Mr. Piel's past reputation for demanding Plaintiff discard a meal when he ate food voluntarily discarded by another inmate or demanding he sit in the correct seat.

A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "[E]xtreme deprivations are required to make out a conditions-of-confinement

4

claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the "'minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

The fact that Mr. Hover disagrees with the conditions of his confinement does not mean that he is deprived of the minimal civilized measure of life's necessities. In fact, as the Supreme Court of the United States has observed, "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes v. Chapman*, 452 U.S. 337, 346-47 (1981); *see also Battle v. Anderson*, 788 F.2d 1421, 1427-28 (10th Cir. 1986) (affirming that a prison is "not a nursery school" but a place for confining convicted felons).

Moreover, Mr. Hover fails to allege personal participation by any named Defendant in subclaims one and two or Mr. Piel in subclaim three. In the June 13 order for an amended complaint, Magistrate Judge Boyd N. Boland warned Mr. Hover he must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hover must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link

between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010). As a result, the second claim of cruel and unusual punishment is meritless, and will be dismissed as legally frivolous.

As his third claim, Mr. Hover alleges the DOC is violating his equal protection rights by requiring him to wear pants without a fly. He further contends the requirement stems from the DOC's attempt to save money on repairing broken zippers.

The Equal Protection Clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV. "The threshold requirement of an Equal Protection claim is a showing that the government discriminated among groups." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "A state practice will not require strict judicial scrutiny unless it interferes with a 'fundamental right' or discriminates against a 'suspect class' of individuals." *Vasquez v. Cooper*, 862 F.2d 250, 252 (10th Cir. 1988). "Unless a legislative classification either burdens a fundamental right or targets a suspect class, it need only bear a 'rational relation to some legitimate end' to comport with the Equal Protection Clause of the Fourteenth Amendment." *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir.1998) (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)) (emphasis added). *See also Vasquez*, 862 F.2d at 25152 ("Unless it provokes strict judicial scrutiny, a state practice

that distinguishes among classes of people will typically survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose") (citation omitted).

Mr. Hover's allegations do not implicate either a fundamental right or a protected class. Therefore, when considering his equal protection claim, the Court applies a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected class." *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1110 (10th Cir. 2008). A person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Equal protection, however, does not require that all people be treated identically. *See Hendking v. Smith*, 781 F.2d 850, 851 (11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981).

Mr. Hover's allegations fail to demonstrate how his equal protection rights were violated by being required to wear pants without a fly because he does not allege that he is being treated differently than other similarly situated male inmates. As a result, Mr. Hover cannot establish that he was treated differently than "similarly situated" inmates. The equal protection claim is meritless, and will be dismissed as legally frivolous.

Mr. Hover's fifth claim is a compilation of three subclaims alleging a violation of his due process rights. As his first subclaim, Mr. Hover alleges that his access to the courts has been violated because Defendant, J. Anderson, is limiting his law library access. Mr. Hover specifically contends he is a "writ writer," ECF No. 6 at 10, and Mr.

Anderson is limiting his ability to assist co-inmates because he is not being allowed to schedule law library time with co-inmates. Mr. Hover also alleges that Defendant, T. Schreiner, rifled through the complaint he originally filed in this action (second subclaim). Lastly, Mr. Hover makes the vague and conclusory assertion he has been forced to dispose of his "art," ECF No. 6 at 11, or risk a disciplinary charge under the Code of Penal Discipline, apparently because his "art" contains visual images of naked body parts (third subclaim). He cites to prison regulation of reading material, such as magazines and books, but fails to clarify what form his art takes and which, if any, Defendant required him to dispose of his art.

Prisoners do not have a protected legal interest in acting as a jailhouse lawyer for other prisoners. *See Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990). In addition, a prisoner must demonstrate actual injury from interference with his access to the courts – that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351-55 (1996). Mr. Hover's access-to-the-courts allegations against Mr. Schreiner fail this test because Plaintiff was not impeded in his ability to file his amended Prisoner Complaint and pursue his claims in this action. The Court must deny a claim, such as subclaim three based on vague or conclusory allegations concerning the allegedly forced disposal of Plaintiff's "art," because the Court is not a *pro se* party's advocate. *See Hall*, 935 F.3d at 1110. Although subclaim three must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Lastly, Mr. Hover fails to allege an personal participation by any named

Defendant in the subclaim three allegations.  *See Bennett*, 545 F.2d at 1262-63.  Claim five is without merit, and will be dismissed as legally frivolous.

Finally, the Court notes that Mr. Hover fails to make any specific factual allegations against Colorado Governor John Hickenlooper, DOC executive director Roger Werholz, or Sterling Correctional Facility warden James Falk, each of whom appears to be sued in his supervisory capacity.  *See* ECF No. 6 at 4.  As previously noted, these Defendants may not be held liable on a theory of respondeat superior merely because of their supervisory position.  *See Pembaur*, 475 U.S. at 479.  The claims, if any, against these Defendants also will be dismissed as legally frivolous.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Hover files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 6) and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  3rd  day of   July  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court